**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

FILED
RICHARD W. NAGEL
CLERK OF COURT

2026 JUL -9 PM 3: 40

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.** _____ |
| **Plaintiff,** | **JUDGE** _____ |
| v. | **INDICTMENT**   2:26-CR-113 |
| **ABRAHAM HERMOSILLO ALVAREZ (1)** a/k/a "Shepherd" | 18 U.S.C. § 2339A   Judge Sargus 18 U.S.C. § 1117 |

**UNITED STATES OF AMERICA**

    **Plaintiff,**

    v.

**ABRAHAM HERMOSILLO ALVAREZ (1)**
    a/k/a "Shepherd"

**DANIEL KENELY ESKRIDGE (2)**
    a/k/a "Fulcrum"

**WILLIAM LEE SPARTACUS FALKNER (3)**
    a/k/a "Pepsi"

**TYCEN JAMES PROPER (4)**
    a/k/a "Prox"

**JORDAN WESLEY RINCKER (5)**
    a/k/a "Shriveled Shlong"

**BRYAN OMAR ROA (6)**
    a/k/a "Noble"

**CHANDLER DYLAN SCAGGS (7)**
    a/k/a "Viper of the S.O.G."

    and

**MICHAEL ALAN THOMAS (8)**
    a/k/a "Whiskey Six"

        **Defendants.**

**CASE NO.** _____

**JUDGE** _____

**INDICTMENT**
18 U.S.C. § 2339A
18 U.S.C. § 1117

2:26-CR-113
Judge Sargus

**FORFEITURE ALLEGATIONS**

**THE GRAND JURY CHARGES:**

## INTRODUCTION

At times relevant to this Indictment:

1.      On or about June 14, 2026, an Ultimate Fighting Championship (UFC) event was held on the South Lawn of the White House in Washington, D.C., which is within "the special territorial jurisdiction of the United States," as defined in 18 U.S.C. § 7, and which constitutes a "federal facility," as defined in 18 U.S.C. § 930(g)(1).  Widely known as "UFC Freedom 250," the event received prospective media coverage, which publicized its date, location, and expected attendees, including federal officers and employees.

2.      Defendant **ABRAHAM HERMOSILLO ALVAREZ** was a resident of Nebraska. On certain online communications and social media platforms, his username frequently included a variation of "Shepherd."

3.      Defendants **DANIEL KENELY ESKRIDGE** and **JORDAN WESLEY RINCKER** were residents of Missouri. On certain online communications and social media platforms, **ESKRIDGE's** username frequently included a variation of "Fulcrum," and **RINCKER's** username frequently included a variation of "Shriveled Shlong."

4.      Defendant **WILLIAM LEE SPARTACUS FALKNER** was a resident of Washington. On certain online communications and social media platforms, his username frequently included a variation of "Pepsi."

5.      Defendant **TYCEN JAMES PROPER** was a resident of Ohio, specifically Knox County, Ohio, in the Southern District of Ohio, Eastern Division. On certain online communications and social media platforms, his username frequently included a variation of "Prox."

2

6. Defendant **CHANDLER DYLAN SCAGGS** was a resident of West Virginia. On certain online communications and social media platforms, his username frequently included a variation of "Viper of the S.O.G."

7. Defendants **MICHAEL ALAN THOMAS** and **BRYAN OMAR ROA** were residents of California. On certain online communications and social media platforms, **THOMAS's** username frequently included a variation of "Whiskey Six," and **ROA's** username frequently included a variation of "Noble."

## COUNT 1
### Conspiracy to Provide Material Support to Terrorists

8. Paragraphs 1 through 7 are incorporated here.

9. From in or about May 2026 and continuing through the date of this Indictment, in the Southern District of Ohio and elsewhere, Defendants **ABRAHAM HERMOSILLO ALVAREZ**, **DANIEL KENELY ESKRIDGE**, **WILLIAM LEE SPARTACUS FALKNER**, **TYCEN JAMES PROPER**, **JORDAN WESLEY RINCKER**, **BRYAN OMAR ROA**, **CHANDLER DYLAN SCAGGS**, and **MICHAEL ALAN THOMAS**, together and with others known and unknown to the Grand Jury, knowingly and intentionally conspired and agreed to provide material support and resources, including currency, firearms, ammunition, body armor, explosives, drones, medical equipment, communications equipment, personnel (including themselves and others), and services (including target identification and training), knowing and intending that the material support and resources were to be used in preparation for, and in carrying out, a violation of 18 U.S.C. § 930(c), murder in the course of an attack on a federal facility involving the use of a firearm or other dangerous weapon; a violation of 18 U.S.C. § 1114(a), murder of a federal officer or employee; and a violation of 18 U.S.C. § 2332a(a)(2), use of a weapon of mass destruction.

## Objects of the Conspiracy

10.     It was a part and an object of the conspiracy that Defendants **ABRAHAM HERMOSILLO ALVAREZ**, **DANIEL KENELY ESKRIDGE**, **WILLIAM LEE SPARTACUS FALKNER**, **TYCEN JAMES PROPER**, **JORDAN WESLEY RINCKER**, **BRYAN OMAR ROA**, **CHANDLER DYLAN SCAGGS**, and **MICHAEL ALAN THOMAS**, together and with others known and unknown to the Grand Jury, knew and intended that their material support and resources would be used to prepare for and carry out:

a.    The murder of an individual, including the President of the United States, the Vice President of the United States, other federal officials, the Prime Minister of Israel, Elon Musk, and "other high value targets" at UFC Freedom 250, in the course of an attack on a federal facility, specifically, the White House, involving the use of a firearm or other dangerous weapon;

b.    The murder of an officer and employee of the United States and of any agency in any branch of the United States Government, while the officer and employee was engaged in and on account of the performance of official duties, and any person assisting such officer and employee in the performance of such duties and on account of that assistance, including the President of the United States, the Vice President of the United States, and other federal officers and employees at UFC Freedom 250; and

c.    The unlawful use of a weapon of mass destruction against a person and property within the United States, and the mail or any facility of interstate or foreign commerce was to be used in furtherance of the offense, such property was used in interstate or foreign commerce or in an activity that affected interstate or foreign commerce, any perpetrator was to travel in or

4

cause another to travel in interstate or foreign commerce in furtherance of the offense, and the offense, or the results of the offense, would affect interstate or foreign commerce, including the use of an explosive, bomb, or other destructive device to attack persons and property at UFC Freedom 250 and to attack other persons and property at other federal facilities and public places within the United States before and after UFC Freedom 250.

**Manner and Means of the Conspiracy**

11. The manner and means by which Defendants **ABRAHAM HERMOSILLO ALVAREZ**, **DANIEL KENELY ESKRIDGE**, **WILLIAM LEE SPARTACUS FALKNER**, **TYCEN JAMES PROPER**, **JORDAN WESLEY RINCKER**, **BRYAN OMAR ROA**, **CHANDLER DYLAN SCAGGS**, **MICHAEL ALAN THOMAS**, and others sought to accomplish the purposes and objects of the conspiracy included the following:

a. **ALVAREZ**, **ESKRIDGE**, **FALKNER**, **PROPER**, **RINCKER**, **ROA**, **SCAGGS**, **THOMAS**, and others created and participated in online chat groups and forums on applications such as Signal, SimpleX, Discord, TikTok, Instagram, and others, where they communicated with each other, developed plans for attacks, recruited participants, and encouraged each other to prepare for, support, and join in attacks, including the attack on UFC Freedom 250.

b. **ALVAREZ**, **ESKRIDGE**, **FALKNER**, **PROPER**, **RINCKER**, **ROA**, **SCAGGS**, **THOMAS**, and others created, organized, and participated in a structured system of action, including a "tier" system to classify participants in the conspiracy, with "tier one" participants committing "to put

5

themselves in harms [sic] way, break the law, and potentially go into hiding."

c. **ALVAREZ**, **ESKRIDGE**, **FALKNER**, **PROPER**, **RINCKER**, **ROA**, **SCAGGS**, **THOMAS**, and others acquired, collected, and amassed materials and weapons including firearms, explosives, ammunition, body armor, drones, and medical equipment.

d. **ALVAREZ**, **ESKRIDGE**, **FALKNER**, **PROPER**, **RINCKER**, **ROA**, **SCAGGS**, **THOMAS**, and others engaged in training, including marksmanship and combat training.

e. **ALVAREZ**, **ESKRIDGE**, **FALKNER**, **PROPER**, **RINCKER**, **ROA**, **SCAGGS**, **THOMAS**, and others selected and agreed on targets for the attack at UFC Freedom 250, including United States politicians and other public officials, such as the President of the United States, the Vice President of the United States, the Prime Minister of Israel, and Elon Musk.

f. **ALVAREZ**, **ESKRIDGE**, **FALKNER**, **PROPER**, **RINCKER**, **ROA**, **SCAGGS**, **THOMAS**, and others created and agreed to operational plans for the attack on UFC Freedom 250, including plans on how to acquire and amass weapons and materials, how to travel to Washington, D.C., and how to conduct the physical attack on UFC Freedom 250 using explosives and firearms.

g. **ALVAREZ**, **ESKRIDGE**, **FALKNER**, **PROPER**, **RINCKER**, **ROA**, **SCAGGS**, **THOMAS**, and others created, agreed to, and prepared plans for

6

escaping from the area of the White House and evading law enforcement after the attack on UFC Freedom 250.

**In violation of 18 U.S.C. § 2339A.**

## COUNT 2
### Conspiracy to Commit Murder within the Special Territorial Jurisdiction of the United States and to Murder an Officer or Employee of the United States

12. Paragraphs 1 through 7 are incorporated here.

13. From in or about May 2026 and continuing through the date of this Indictment, in the Southern District of Ohio and elsewhere, Defendants **ABRAHAM HERMOSILLO ALVAREZ, DANIEL KENELY ESKRIDGE, WILLIAM LEE SPARTACUS FALKNER, TYCEN JAMES PROPER, JORDAN WESLEY RINCKER, BRYAN OMAR ROA, CHANDLER DYLAN SCAGGS**, and **MICHAEL ALAN THOMAS**, together and with others known and unknown to the Grand Jury, knowingly and intentionally conspired and agreed to violate 18 U.S.C. § 1111(b), murder within the special territorial jurisdiction of the United States, and to violate 18 U.S.C. § 1114(a), murder of a federal officer or employee.

### Objects of the Conspiracy

14. It was a part and an object of the conspiracy that **ABRAHAM HERMOSILLO ALVAREZ, DANIEL KENELY ESKRIDGE, WILLIAM LEE SPARTACUS FALKNER, TYCEN JAMES PROPER, JORDAN WESLEY RINCKER, BRYAN OMAR ROA, CHANDLER DYLAN SCAGGS**, and **MICHAEL ALAN THOMAS**, together and with others known and unknown to the Grand Jury, intended to:

  a. Murder an officer and employee of the United States and of any agency in any branch of the United States Government, while the officer and employee was engaged in and on account of the performance of official duties, and any person assisting such officer and employee in the

7

performance of such duties and on account of that assistance, including the President of the United States, the Vice President of the United States, and other federal officers and employees at UFC Freedom 250; and

b.  Murder a human being within the special territorial jurisdiction of the United States, including the President of the United States, the Vice President of the United States, other federal officials, the Prime Minister of Israel, Elon Musk, and "other high value targets" at UFC Freedom 250.

### Manner and Means of the Conspiracy

15.  Paragraph 11, including subparagraphs (a) through (g), is incorporated here.

### Overt Acts in Furtherance of the Conspiracy

16.  In furtherance of the conspiracy and to effect its purpose and objects, at least one of the conspirators committed, or caused to be committed, at least one of the following overt acts within the Southern District of Ohio and elsewhere:

a.  In or about May and June 2026, in the Southern District of Ohio, **PROPER** acquired and maintained firearms, ammunition, and body armor, including a plate carrier vest.

b.  In or about May 2026, **ESKRIDGE** created and maintained notes on his cellular telephone that included a description of the tier system that he and others used in their chat groups; and listed personal information about participants, such as their ages and occupations, who they lived with, whether the participants had a vehicle, weapons and ammunition, and any tactical experience, and which tier they would be assigned.

c.  On or about May 24, 2026, **ROA** and **THOMAS** met in California to train in marksmanship and combat tactics.

8

d. On or about June 5, 2026, **PROPER** purchased a shotgun in the Southern District of Ohio.

e. On or about June 7, 2026, **FALKNER** reached out to a user on Instagram, asking "Wanna make some money." **FALKNER** instructed the user to "Set that 3D printer up as soon as you can," and indicated to the user that he needed "5 drone frames." **FALKNER** indicated that the deadline for the project was "ASAP 7 days till they need to be operational. I'll handle shipping and everything else. Just need you on the frames, got everyone else doing their own thing."

f. On or about June 8, 2026, **SCAGGS** sent his address in West Virginia to **PROPER** so that **PROPER** could pick up **SCAGGS** on **PROPER's** way from the Southern District of Ohio to Washington, D.C.

g. On or about June 9, 2026, **PROPER** quit his job in the Southern District of Ohio.

h. On or about June 11, 2026, **ROA** quit his job.

i. On or about June 11, 2026, **ROA** began driving from California to Washington, D.C.

j. On or about June 11, 2026, **ALVAREZ** arranged to meet in person with **RINCKER** in Omaha, Nebraska, on June 12, 2026, to provide **RINCKER** with a 3D printer.

k. On or about June 12, 2026, after **ROA** indicated that he encountered car trouble on his way to Washington, D.C. from California, **FALKNER** sent money to **ROA**.

9

l.      On or about June 12, 2026, after **ROA** indicated that he encountered car trouble on his way to Washington, D.C. from California, **THOMAS** sent money to **ROA**.

m.     On or about June 12, 2026, **RINCKER** drove to Omaha, Nebraska, from Missouri to meet with **ALVAREZ**.  **RINCKER** received a 3D printer from **ALVAREZ**.  That printer was to be used to make drones.  **RINCKER** also obtained gear, including a level-4 ballistic plate, night vision goggles, and a face-shield from **ALVAREZ**.  **RINCKER** brought a shotgun and a bandolier containing ammunition to the meeting and gave them to **ALVAREZ**.

**In violation of 18 U.S.C. § 1117.**

## FORFEITURE ALLEGATION

17.    The allegations of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America.

18.    Upon conviction of the any offense alleged in this Indictment, Defendants **ABRAHAM HERMOSILLO ALVAREZ**, **DANIEL KENELY ESKRIDGE**, **WILLIAM LEE SPARTACUS FALKNER**, **TYCEN JAMES PROPER**, **JORDAN WESLEY RINCKER, BRYAN OMAR ROA, CHANDLER DYLAN SCAGGS**, and **MICHAEL ALAN THOMAS** shall forfeit to the United States:

a.     Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 2339A(a) or 18 U.S.C. § 1117, in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and/or

10

b. In accordance with 18 U.S.C. § 981(a)(1)(G), all assets, foreign or domestic—

  i. of any individual, entity, or organization engaged in planning or perpetrating any federal crime of terrorism, namely, a violation of 18 U.S.C. § 2339A(a), against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization;

  ii. acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any federal crime of terrorism, namely, a violation of 18 U.S.C. § 2339A(a), against the United States, citizens or residents of the United States, or their property; and

  iii. derived from, involved in, or used or intended to be used to commit any federal crime of terrorism, namely, a violation of 18 U.S.C. § 2339A(a), against the United States, citizens or residents of the United States, or their property.

19. *Substitute Assets.* If any of the forfeitable property described above, as a result of any act or omission of a Defendant:

 a. cannot be located upon the exercise of due diligence;

 b. has been transferred or sold to, or deposited with, a third party;

 c. has been placed beyond the jurisdiction of the court;

 d. has been substantially diminished in value; or

11

    e.       has been commingled with other property which cannot be divided without

difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), as incorporated

by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendants, up to the

value of the forfeitable property.

       **Forfeiture notice pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 981(a)(1)(G), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

**A TRUE BILL.**

**/s/ Foreperson**
**FOREPERSON**

**DOMINICK S. GERACE II**
**United States Attorney**

**DAMOUN DELAVIZ (PA 309631)**
**DAVID J. TWOMBLY (OH 92558)**
**Assistant United States Attorneys**

12