**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 26-cr-113(2) & (5)** |
| **DANIEL K. ESKRIDGE and** | **JUDGE SARGUS** |
| **JORDAN W. RINCKER,** | |
| **Defendants.** | |

## MOTION FOR DETENTION

At the request of the district of arrest (W.D.Mo.), the United States files this Motion for Detention for Defendants Daniel K. Eskridge and Jordan W. Rincker.

## SUPPORTING SUGGESTIONS

1.      An indictment has been filed charging the defendants with two counts: Count 1, conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A; and Count 2, conspiracy to commit murder, in violation of 18 U.S.C. § 1117.

2.      A detention hearing is required because Count Two carries a maximum sentence of life imprisonment, *see* 18 U.S.C. § 3142(f)(1)(B), and both counts are felonies that "involve[] the possession or use of a firearm or destructive device," *see* § 3142(f)(1)(E).

3.      In determining whether pretrial detention is appropriate, the Court shall consider information concerning the nature and circumstance of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the danger to any person of community posed by the defendant's release. 18 U.S.C. § 3142(g).

4. The § 3142(g) factors support detention. The defendants, along with co-conspirators, planned to conduct an attack involving firearms and explosive-laden drones at the UFC Freedom 250 event at the White House in Washington, DC on June 14, 2026.

5. Eskridge expressed a desire to murder various members of Congress and prominent business executives. He took steps to carry out this plot by creating detailed plans, organizing co-conspirators, and amassing firearms and ammunition. The weight of the evidence against the defendant is strong. Investigators executed a search warrant at the defendant's residence and found tactical equipment, including several firearms, ammunition, tactical vests with ballistic plates, a radio, and a gun belt with a medical kit. A review of Eskridge's phone also confirmed he used social media and messaging accounts that were involved in the conspiracy.

6. Rincker took steps to carry out the plot by traveling to Nebraska to meet with a co-conspirator, sending $100 in United States currency to another co-conspirator to assist the co-conspirator with the costs associated with traveling from California to UFC Freedom 250, and transferring a pump action shotgun to another co-conspirator. The weight of the evidence against Rincker is strong. On June 21, 2026, investigators executed a search warrant at Rincker's residence and found tactical equipment, including the following:

- FN Reflex 9mm pistol, serial number CCW0051572 with magazine and loose 9mm rounds;
- FMK AR1 eXtreme Multi-Caliber rifle, serial number ARGB1386;
- Multiple magazines containing 5.56 caliber magazine containing ammunition;
- Remington 597 .22 LR caliber rifle, serial number JD04805A with magazine;
- 3D printed Glock-style pistol with 3D printed magazine and 3D printed ammunition;
- Gas mask with cartridge;
- Multiple electronic devices.

After being advised of and waiving his *Miranda* rights, Rincker told law enforcement that he utilized the online moniker "shriveledshlong." He admitted that he recently met with a co-

conspirator in Omaha, Nebraska and that co-conspirator gave him $1,200, one level IV ballistic plate, a face shield, a Creality-brand 3D printer, 3D printing filament, a shield, night vision goggles, binoculars, a "wire checker," and a Mac minicomputer. Rincker stated that he had recently moved all of the items he received from this co-conspirator from his residence to a storage unit. Rincker also stated that he stored his own ballistic plate carrier in the storage unit and that he used social media and messaging accounts that were involved in the conspiracy.

7. The United States submits that there are no conditions which the Court could place on the defendants' release which would reasonably assure the safety of the community by clear and convincing evidence and reasonably assure the defendants' appearance by a preponderance of the evidence.

Based on the foregoing, the United States requests that, if a detention hearing is not held in the district of arrest, this Court hold a detention hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of Defendants Eskridge and Rincker.

Respectfully submitted,

**DOMINICK S. GERACE II**
UNITED STATES ATTORNEY

/s/ David J. Twombly
**DAVID J. TWOMBLY (OH 92558)**
**DAMOUN DELAVIZ (PA 309631)**
**Assistant United States Attorneys**
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
E-mail: David.Twombly@usdoj.gov
E-mail: Damoun.Delaviz@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered to counsel for all parties on July 13, 2026, via the Court's CM-ECF system.

/s/ David J. Twombly
**DAVID J. TWOMBLY**
Assistant United States Attorney