**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** | |
| **vs.** | **CASE NO.  2:26-cr-113** |
| **ABRAHAM HERMOSILLO ALVAREZ et al.,** **Defendants.** | **JUDGE EDMUND A. SARGUS, JR.** |

## ORDER

WHEREAS, the Government will provide materials to the defendants in the course of the discovery process in this case that may include personally identifiable information of the defendants and third parties and that may include information which identifies civilian witnesses in the investigation (hereafter the "Discovery Materials");

AND WHEREAS, the parties agree that the Government has a compelling interest in preventing the Discovery Materials from being disclosed to anyone not a party to the court proceedings in this matter to prevent the public disclosure of personally identifiable information and the identifying information of civilian witnesses who have provided information to investigators;

AND WHEREAS, the parties further agree that the Court has the power under Fed. R. Crim. P. 16(d)(1) to grant appropriate relief to the parties for good cause;

IT IS ORDERED that:

1. Discovery Materials in this case may not be disseminated, disclosed, or used for any purpose other than preparation for trial (including, but not limited to, interviewing expert and lay witnesses), or to otherwise prosecute or defend the case.

2. Discovery Materials shall not be further disseminated by defense counsel of record to any individuals, organizations, or other entities, other than members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and administrative staff).

3. Discovery Materials shall not be disseminated by a defendant to any person or entity, except to return Discovery Materials to defense counsel.

4. Discovery Material that includes any other person's bank account information or tax information or that includes information that may identify any civilian (i.e. non-law enforcement personnel) witness that provided information to law enforcement during the investigation (the "Sensitive Discovery Materials") shall not be maintained by any defendant, nor be in the sole physical custody of any defendant, nor shall any defendant be permitted to make notes of the content of the Sensitive Discovery Materials and keep such notes with him or her, or disperse such notes or the contents thereof to anyone other than their attorney or members of their attorney's staff. If defense counsel inadvertently discloses Sensitive Discovery Materials to a defendant, upon discovery of the disclosure, defense counsel must (a) take all reasonable steps to ensure that the defendant returns or destroys all Sensitive Discovery Materials in the defendant's possession, and (b) report the details of the disclosure to counsel for the United States. The United States will make reasonable efforts to identify Sensitive Discovery Materials for defense counsel.

5. Defense counsel and the defendants shall store all Discovery Materials in their possession, and any copies thereof, in a secure place at all times.

6. The Discovery Materials in this case are now and will forever remain the property of the United States Government.  At the conclusion of this case, all Discovery Materials shall be destroyed or maintained under secure conditions by defense counsel.

7. The defendants are subject to and bound by this Order.

8. Nothing in this Order shall preclude the Government or any defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material. This Order is entered without prejudice to any party's right to seek a revision of the Order by appropriate motion to the Court.

   **IT IS SO ORDERED.**


**7/27/2026**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**