**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **Plaintiff,** | **:** | **Case No: 2:25-cr-181** |
| **v.** | **:** | |
| | | **Honorable Judge Michael Watson** |
| **ROOBLE D. ADAN** | **:** | |
| **Defendant.** | **:** | |

## MOTION FOR DISCOVERY

Now comes the defendant, Rooble D. Adan through undersigned counsel, and respectfully requests the Court to order the government to comply with the discovery requests outlined in the following memorandum.

Respectfully submitted,

*/s/ Adam Lee Nemann*
_____
Adam Lee Nemann (0076802)
NEMANN LAW OFFICES, LLC
35 E. Livingston Avenue
Columbus, Ohio 43215
(614) 333-6007
ohiocrimelaw@gmail.com
Attorney for Defendant

## <u>MEMORANDUM</u>

Now comes the defendant, Rooble D. Adan, and moves for an order requiring the government to comply with the following discovery requests:

(1)     <u>Statements</u>.   All written and oral statements made by Rooble D. Adan.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents and tapes in which statements of Mr. Adan are contained.  The substance of statements the government intends to introduce are discoverable under Fed. R. Crim. P. 16 (a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963).

(2)     <u>Documents, statements, reports, tangible evidence</u>.  Production of all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or which affects the credibility of the government's case.  This evidence must be produced pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83, 87, (1963) and <u>United States v. Agurs</u>, 96 U.S. 2392 (1976).

(3)     <u>Prior record/other act evidence</u>.     All evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts.  Evidence of prior records is available under Fed. R. Crim. P. 16(a)(1)(B).  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404 (b) and 609.  This request also includes Mr. Adan's "rap" sheet and/or NCIC computer check on Mr. Adan.

(4)     <u>Seized evidence</u>.    All evidence seized as a result of any search, either warrantless, or with a warrant, in this case.  This is available under Fed. R. Crim. P. 16 (a)(1)(C).

(5)     <u>Agent's reports, notes, memos</u>.     All arrest reports, investigator's notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to Mr. Adan.  These

reports are available under Fed. R. Crim. P. 16(a)(1)(B) and (C); and Fed. R. Crim. P. 26.2 and 12(i).  This request includes affidavits in support of search warrants and the lists of items seized in the execution of any search warrant.  In addition, any witness interview notes that could be considered to be statements attributable to the witness are requested.  See Goldberg v. United States, 96 S.Ct. 1338 (1976).

(6)     Other documents/tangible objects.    All other documents and tangible objects including photographs, books, papers, documents, or copies or portions thereof which are material to Mr. Adan's defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr. Adan.  Specifically, requested also are all documents, items and other information seized pursuant to any search.  This is available under Brady and Fed. R. Crim. P. 16(a)(1)(C).

(7)     Bias of government witnesses.     Any evidence that any prospective government witness is biased or prejudiced against Mr. Adan or has a motive to falsify or distort his testimony. See Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

(8)     Prior record/other acts of government witnesses.    Any    evidence    that    any prospective government witness has engaged in any criminal act whether or not resulting in a conviction.  See F.R.E. Rule 608 (b) and Brady.

(9)     Investigation of witnesses.    Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal or official misconduct. United States v. Chitty, 760 F.2d 425 (2nd Cir.), 474 U.S. 945 (1985).

(10)    Evidence regarding ability to testify. Any  evidence,  including  any  medical  or psychiatric  reports  or  evaluations,  tending  to  show  that  any  prospective  witness's  ability  to

perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980); United States v. Butler, 567 F.2d 885 (9th Cir. 1978).

(11) Personnel files.   It is requested that the government review each agent's personnel file for review for information requested in paragraphs (7) – (10) above and determine whether there is any impeaching information contained in the files.  See United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

(12) Government witnesses.   The name and last known address of each prospective government witness. See United States v. Neap, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).

(13) Other witnesses.   The name and last known address of every witness to the alleged offenses (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.  United States v. Cadet, 727 F.2d 1469 (9th Cir. 1984).

(14) Favorable testimony.  The name of any witness who made an arguably favorable statement concerning Mr. Adan or who could not identify him or who was unsure of his identity or participation in the crime charged.  Jackson v. Wainright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F. 2d 213, 223 (4th Cir. 1980); James v. Jag, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975).

(15)     Specific inquiries of agents.  It is requested that the government make specific inquiry of each government agent connected to the case for the information requested in paragraphs (12) – (14).  United States v. Jackson, 780 F.2d 1305 (6th Cir. 1986); United States v. Butler, 567 F.2d 885, 889 (9th Cir. 1978).

(16)     Rule 26.2 Material/Timing of production.  It is requested that the government provide all material available pursuant to Fed. R. Crim. P. 26.2, sufficiently in advance of trial or motion hearings so as to avoid unnecessary delay prior to cross examination.

(17)     Experts/resumes.  The curriculum vitae of any and all experts the government intends to call at trial, including any and all books, treatises or other papers written by the expert which is relevant to the testimony.

(18)     Expert's reports and summaries.    Production of any and all reports of any examinations or tests, is requested pursuant to Rule 16(a)(1)(D).  In addition, it is requested that the government disclose a written summary of testimony the government intends to use under FRE 702, 703, or 705.  As is required by Rule 16(a)(1)(E), the summaries must describe the witnesses' opinions, the reasons therefore and the witness' qualifications.  See Fed. R. Crim. P. 16(a)(1)(E) (added December 1, 1993).

(19)     Confidential Informant(s) and related information.  It is requested that the government reveal the identity of any and all confidential informants who were percipient witnesses to the charges in this case and information regarding any promises made to the confidential informant and the information provided by the confidential informant.

(20)    Promises made or "deals" with government witnesses.    Under    Giglio    v. United States, 405 U.S. 150 (1972), the government must provide all promises of consideration given to witnesses.  See also United States v. Shaffer, 789 F. 2d 682 (9th Cir. 1986).

(21)    Minutes of Grand Jury Proceedings.  Production of the minutes of the grand jury proceedings is requested in order to determine whether there has been compliance with Rule 6 with regard to attendance and the number of grand jurors voting on this indictment.  See Rule 6(b)-(d).

(22)    Grand Jury transcripts.    All grand jury transcripts are requested in accordance with Rule 6.

(23)    Statement by government of refusal to provide.  If the government has any of the above-requested items or the items required by the rules, law, or court order, but refuses to provide them to the defense, Mr. Adan requests a statement as to the existence of the items and the refusal to provide them.

/s/ Adam Lee Nemann

_____
Adam Lee Nemann (0076802)
Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been served by electronic delivery through PACER/ECF service upon the Assistant United States Attorney, this   11th    day of December 2025.

/s/ Adam Lee Nemann

_____
Adam Lee Nemann (0076802)
Attorney for Defendant