**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**
**Plaintiff,**

**vs.**

**Case No. 2:26-cr-113**
**Judge Edmund A. Sargus, Jr.**

**ABRAHAM HERMOSILLO ALVAREZ,**
**Defendants, *et al.*,**

# ORDER

This matter is before the Court following a Zoom status conference with all parties represented. (ECF Nos. 97, 115.) As the Court has explained by Order (ECF No. 96) and during the conference (ECF No. 115), upon the request of the Defendants and without objection from the United States, this case has been designated complex under the Speedy Trial Act (ECF No. 96). 18 U.S.C. § 3161(h)(7)(B)(ii) (explaining that a case may be designated as complex when it is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act). Given that designation, the Court set a trial date outside the Speedy Trial Act's 70-day rule because the ends of justice served by taking that action outweigh the best interest of the public and Defendants in a speedy trial. (ECF No. 96); 18 U.S.C. § 3161(h)(7)(A). A trial date was set for September 13, 2027. (ECF No. 96, PageID 440.)

During the status conference, the Court explained that it would hold virtual status conferences frequently to ensure the case proceeds expeditiously. As the Government shared, it

has produced around 50,000 pages to date, with another significant production going out in the next few weeks. (ECF No. 115.)

The Court orally modified the scheduling order it previously issued. (ECF No. 96.) First, the Court made clear that it was not inclined to move the September 13, 2027 trial date given the number of Defendants involved and complexities in the case. Absent an emergency, counsel should not make a motion to continue the trial date. In the event of emergent circumstances, counsel shall make a motion as soon as possible explaining the circumstances and the positions of all other parties on the continuance.

Next, the Court expressed its preference to have any motions (including motions in limine) filed earlier than the currently scheduled deadline of August 6, 2027. (*See id.* PageID 442.) The Court stated that July 2027 would be more appropriate. Defense counsel Frederick Douglas Benton, Jr. suggested it might be prudent to offer a new date for a motions deadline after additional discovery has been produced by the United States to the Defendants. The Court agreed. The Court and the parties will discuss modifying the deadline for all motions on the next status conference. The Court and parties will also discuss setting a firm date for expert disclosures on the next conference.

Finally, upon consultation of the parties on the call, the Court sets the next Zoom status conference for **December 21, 2026 at 1:00 p.m.**

**IT IS SO ORDERED**.

**11/20/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**